UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LANE B. BAXTER,

        Petitioner,

v.                                                                          Case No. 06-C-1256

JUDY P. SMITH, Warden,

        Respondent.

## ORDER

On December 6, 2006, Lane B. Baxter filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Grant County Circuit Court of first degree sexual assault of a child and was sentenced on January 22, 1999, to 10 years of imprisonment. He is currently incarcerated at Oshkosh Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted

available state remedies. I also look to see whether petitioner's claims are permissible under the statutes governing federal habeas relief.

After reviewing the record, I conclude that I must dismiss the petition under 28 U.S.C. § 2244(b). Section 2244(b) provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A). Petitioner has already filed with this court a habeas corpus petition challenging the same conviction and sentence, and that petition was denied as untimely on November 4, 2005. *See Baxter v. Smith*, No. 04-C-1121, 2005 WL 2922195 (E.D. Wis. Nov. 4, 2005). The instant petition is therefore a "second or successive" petition, and any claim Baxter presented in his prior habeas petition must be dismissed. Furthermore, even if petitioner raises new claims in the instant petition, I do not have jurisdiction to consider them absent authorization from the Seventh Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(2) and (3)(A).

Along with his petition for habeas relief, petitioner filed motions for summary judgment, appointment of counsel, an evidentiary hearing, and waiver of this court's jurisdiction with

assignment of his case to a magistrate judge. Those motions will be denied as moot in light of the dismissal of his habeas petition.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to 28 U.S.C. § 2244 (b).

**IT IS FURTHER ORDERED** that petitioner's motions for summary judgment, appointment of counsel, an evidentiary hearing, and waiver of this court's jurisdiction with assignment of his case to a magistrate judge be **DENIED** as moot.

Dated this   14th   day of December, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
