UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LANE B. BAXTER,

        Plaintiff,

v.                                                     Case No. 06-C-1256

WARDEN JUDY B. SMITH,

        Defendant.

**ORDER DENYING MOTION FOR RECONSIDERATION**

On December 14, 2006, this court summarily dismissed the petition for habeas corpus pursuant to 28 U.S.C. § 2254 filed by Lane Baxter in the above matter on the ground that it was a second or subsequent petition. *See* 28 U.S.C. § 2244(b). Baxter has not moved for reconsideration on the ground that his initial petition was dismissed for failure to exhaust administrative remedies. He cites *Slack v. McDaniel*, 529 U.S. 473 (2000), for the proposition that where the initial petition was dismissed without adjudication on the merits for failure to exhaust state administrative remedies, the limitations set forth in § 2244(b) does not apply. *Slack* does not apply in this case, however, because Baxter's initial petition was dismissed for untimeliness. Even if this were not a second or subsequent petition, the same bar would apply here.

*Shepeck v. United States*, 150 F.3d 800 (7th Cir. 1998), another case Baxter relies on, is similarly inapposite since it arose in the context of a federal conviction in which the defendant's direct appeal had been denied. The court concluded that the defendant's initial § 2255 petition took

the place of the initial appeal, and thus the later filed § 2255 motion would not be deemed subsequent. This holding has no application where, as here, the initial petition was dismissed because it was barred by the one-year statute of limitation.

Based upon the foregoing, I conclude that Baxter has offered no reason for reconsideration of the court's initial determination that his petition should be summarily dismissed. Accordingly, the motion for reconsideration is denied.

**SO ORDERED** this   21st   day of December, 2006.


s/ William C. Griesbach
William C. Griesbach
United States District Judge